UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00216-MMD-VCF |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER ARNOLD WENDELIN, | |
| Defendant. | |

**I.    INTRODUCTION**

Before the Court is Defendant Christopher Arnold Wendelin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Motion"). (ECF No. 69.) The Court ordered the government to respond and permitted Wendelin to file a reply. On June 16, 2016, Wendelin filed another motion to vacate that was docketed as a supplement to his reply. (ECF No. 76.) Wendelin subsequently filed a motion to vacate, contending that he was supplementing his earlier "Abridged Motion to Vacate filed on June 16, 2016" ("Abridged Motion"). (ECF No. 78 at 1 n. 1.) The Court has considered Wendelin's motions and reply in support of his Motion (ECF No. 69, 78, 75, 76) and the government's response (ECF No. 73). The Court denies Wendelin's motions and finds that an evidentiary hearing is not necessary given the Court's familiarity with the proceedings relating to the Court's acceptance of Wendelin's plea. The Court further denies Wendelin's motion for appointment of counsel (ECF No. 77.)

## II. RELEVANT BACKGROUND

On June 11, 2013, the Grand Jury indicted Wendelin on one count of possession of a firearm by convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(d)(1). (ECF No. 1.) This offense presented the risk of a 15-year statutory mandatory minimum if Wendelin's prior convictions were deemed predicate crimes of violence under 18 U.S.C. § 924(e)(2). On August 15, 2013, the Court granted Wendelin's unopposed motion for a pre-plea presentence investigation report to give the parties a better understanding of Wendelin's criminal history.[1] (ECF No. 22.) The report showed that Wendelin was convicted of robbery and burglary in August 2004 and larceny from the person in December 2009, all under Nevada Law. (*See* Exhibit A at ¶¶ 15, 21.) The report also noted that these convictions were predicate offenses for crimes of violence under 18 U.S.C. § 924(e)(2). (*Id.*)

On January 23, 2014, Wendelin waived indictment and pled guilty to one count in the superseding information charging him with the less serious offense of possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a), which would not subject Wendelin to the 15-year statutory mandatory minimum under § 924(e)(2). (ECF Nos. 28, 29. 30.) In the plea agreement, the parties calculated the base offense level as 24.[2] (ECF No. 30 at 6.) The Court accepted Wendelin's plea. (ECF No. 33.) The sentencing hearing was later continued to allow Wendelin's counsel, Brenda Weksler ("Weksler") to obtain a copy of Wendelin's high school diploma. (ECF No. 39.) The Court subsequently granted Weksler's motion to appoint replacement counsel for Wendelin.[3] (ECF No. 47.)

---

[1] To ensure the record is complete, the Court attaches both the pre-plea presentence report and the Presentence Investigation Report ("PSR") as Exhibits A and B to this Order. Both exhibits will be filed under seal because they contain sensitive personal information.

[2] The PSR similarly determined the base offense level to be 24 because Wendelin sustained at least two prior felony convictions of crimes of violence (August 2004 and December 2009 convictions) under U.S.S.G. § 2k2.1, which in turn relies on U.S.S.G. § 4B1.2's residual clause.

[3] In his pro se motion to dismiss counsel, Wendelin claimed that Weksler either was not aware of or neglected to inform him of a "federal case that would have helped him." (ECF No. 44.) The Court denied Wendelin's motion and ordered Weksler to confer *(fn. cont…)*

On September 15, 2014, Wendelin, through substituted counsel, David Brown ("Brown"), filed a motion to withdraw his guilty plea. (ECF No. 55.) At the hearing on Wendelin's motion, Brown requested that the Court consider permitting the parties to brief the issue of whether Wendelin's prior robbery and burglary convictions would be considered crimes of violence under § 924(e)(2), which would make him an armed career criminal, before Wendelin decided whether to withdraw his prior plea. (ECF No. 72 at 3-4.) The Court declined to offer an advisory ruling but gave Wendelin an opportunity to decide whether to ask the Court to rule on his pending motion to withdraw his plea. (*Id.* at 12-13.) Wendelin decided to withdraw his motion to withdraw his plea. (ECF No. 60.)

The parties agreed to recommend that the Court sentence Wendelin to the statutory maximum of 120 months. (ECF No. 30 at 9.) However, the Court sentenced Wendelin to 95 months in custody. (ECF No. 68.) The judgment of conviction was issued on January 21, 2015. (ECF No. 68.)

### III.  DISCUSSION

Wendelin raises a claim of ineffective assistance of counsel in his Motion. Wendelin's supplemental claim as asserted in his Abridged Motion relies on *Johnson v. United States*, 135 S.Ct. 2551 (2015) to argue that U.S.S.G. § 4B1.2's residual clause is unconstitutionally vague. The Court will address each claim in turn below.

####    A.   Claim of Ineffective Assistance of Counsel

"[T]he right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970). The Supreme Court recently reiterated that a defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) ("During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'") (quoting

---

*(…fn. cont.)*
with him (ECF No. 45), which resulted in Weksler's motion to appoint replacement counsel (ECF No. 46).

*McMann*, 897 U.S. at 771)). "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 133, 145 (2012). The Ninth Circuit has stated that a defendant is also "entitled to the effective assistance of counsel in his decision whether and when to plead guilty." *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003). "If it is ineffective assistance to fail to inform a client of a plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest." *Id.* (citation omitted). To prove ineffective assistance during the plea phase of a prosecution, a defendant "must demonstrate gross error on the part of counsel." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *McMann*, 397 U.S. at 771).

The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges based on ineffective assistance of counsel. *See Lafler*, 566 U.S. at 162. First, a defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In the context of plea negotiations, the question is "not whether 'counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases.'" *Turner*, 281 F.3d at 880 (quoting *McMann,* 397 U.S. at 771). Second, a defendant must show that "any deficiencies in counsel's performance [are] prejudicial" by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 692, 694. Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct in order to avoid the distorting effects of hindsight. *Id.* at 689.

Wendelin cannot satisfy either of the *Strickland* factors. First, Wendelin cannot show that either Weksler's or Brown's performance was deficient. The proceedings before the Court demonstrate that Wendelin's counsel informed him of the risks associated with pleading guilty to the offense in the indictment—facing a statutory

mandatory minimum of 15 years if he was deemed an armed career criminal under § 924(e)(2)—in comparison with pleading guilty to an offense that did not subject him to a statutory mandatory minimum where the parties agreed to jointly recommend a 10-year sentence.[4] In fact, the Court reiterated these choices to Wendelin and gave him the opportunity to proceed with his motion to withdraw his guilty plea. (ECF No. 72 at 12-13.) Thus, both Weksler and subsequently Brown informed Wendelin of the risks associated with pleading guilty to the offense in the indictment in contrast to the offense in the superseding information. Moreover, to the extent Wendelin claims that Weksler's performance was deficient because she led him to believe he would qualify as an armed career criminal, which then motivated him to plead guilty to the superseding information, the Court gave Wendelin the choice on how to proceed—with sentencing or with withdrawal of his plea—upon his reported realization that she was incorrect. (*Id.* at 12-13.) Wendelin elected to withdraw his motion to withdraw his plea. (ECF No. 60.) Wendelin thus cannot claim prejudice by former counsel Weksler's performance.

Ultimately, Wendelin wanted to hedge his bets—he wanted a definitive ruling prior to the Court's sentencing of him that he would not be deemed an armed career criminal and therefore would not be subject to a 15-year statutory mandatory minimum before he decided whether to withdraw his plea to an offense that committed him to agree to a 10-year sentence. Because Wendelin asked for something that his attorneys could not have delivered,[5] he cannot show that their representation fell below an objective standard of reasonableness.

Under these circumstances, Wendelin cannot show that his attorneys' performance was deficient or that he suffered prejudice. Because the Court is familiar

---

[4]In his sentencing memorandum, Wendelin represented that he only pled guilty to the offense in the superseding information, instead of the offense in the indictment, because Weksler had led him to believe that he would qualify as an armed career criminal, thus triggering a higher mandatory minimum of 15 years. (ECF No. 64 at 5.)

[5]However, Brown did ask the Court to consider addressing whether Wendelin would be deemed an armed career criminal had he pled guilty to the offense in the indictment in order for Wendelin to decide whether to continue to seek withdrawal of his plea. (ECF No. 72 at 2-3.)

with the proceedings involving Wendelin's plea and his claim that his counsel was ineffective for giving him incorrect advice, the Court finds that an evidentiary hearing is unnecessary.

### B. U.S.S.G. § 4B1.2's Residual Clause

The gist of Wendelin's Abridged Motion is that *Johnson's* holding that the ACCA's residual clause is unconstitutionally vague extends to the identically worded clause in the career offender guideline, U.S.S.G. § 4B1.2. (ECF No. 78.) Wendelin's prior convictions were considered crimes of violence through the application of U.S.S.G. § 2K2.1 which turns on U.S.S.G. § 4B1.2's residual clause. (*See* Exhibit B at ¶¶ 35, 41.)

On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States,* 137 S.Ct. 886 (2017), holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2's residual clause is not void for vagueness." *Beckles*, 137 S.Ct. at 895. Thus, Wendelin's argument is no longer legally viable under *Beckles*.[6] Accordingly, Wendelin's Abridged Motion is denied.

### IV. CERTIFICATE OF APPEALABILITY

Before Wendelin can appeal the Court's decision to deny his motions, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (quoting 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court

///

---

[6]Because it is clear that Wendelin is not entitled to relief under *Beckles,* the Court finds it unnecessary to direct the government to respond to the Abridged Motion. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court.

determines that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of appealability.

## V. CONCLUSION

It is therefore ordered that Christopher Arnold Wendelin's motion to vacate (ECF No. 69), abridged motion to vacate (ECF No. 78) and motion for appointment of counsel (ECF No. 77) are denied. The Court denies a certificate of appealability.

DATED THIS 21st day of July 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

# LIST OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| "A"     | Pre-Plea Determination Report — FILED UNDER SEAL |
| "B"     | Presentence Investigation Report —FILED UNDER SEAL |